The document below is hereby signed.

Signed: August 31, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
HAROLD J. TAYLOR, II,              )    Case No. 19-00274
                                   )    (Chapter 13)
            Debtor.                )    Not for publication in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS AGAINST THE
DEBTOR'S COUNSEL FOR VIOLATION OF FED. R. BANKR. P. 9011(b)(2)

The *Memorandum Decision and Order re Debtor's Objection to Claim of District of Columbia Office of Tax & Revenue (Claim No. 2-1)* (Dkt. No. 74 entered on July 20, 2020) overruled the objections to the claim of the Office of Tax & Revenue ("OTR") in the *Objection to Claim* as frivolous (for reasons explained in the *Memorandum Decision*). The court then entered an order directing the debtor's counsel, Craig A. Butler, to show cause why sanctions ought not be imposed against him under Fed. R. Bankr. P. 9011(b) in the form of a penalty of $250 payable to the Clerk. Butler failed to file a timely response to that order to show cause. The objection raised various frivolous objections that

are sanctionable under Rule 9011(b):[1]

    1. The objection asserted that "[i]t is not clear as to what tax years that OTR claims are secured." But the proof of claim lists each year for which OTR asserted that the claims are secured: 2009, 2010, 2011, 2014, 2015, and 2016.

    2. As to OTR's secured claims the objection further stated: "It also appears that OTR is attempting to claim amounts owed for time periods that OTR is not entitled to collect." However, collection of the taxes is not time-barred. Under D.C. Code § 47-4302(a), a tax may be collected within 10 years after assessment. The petition commencing this case was filed on April 22, 2019. The taxes here were for income taxes for the years 2009, 2010, 2011, 2014, 2015, and 2016. Obviously the taxes for these years were assessed within 10 years of the petition date of April 22, 2019, because taxes are due only after the end of the tax year, the earliest one being the tax liability for 2009 that accrued as a liability only at the end of December 31, 2009. Accordingly, none of the taxes could have been assessed more than 10 years before April 22, 2019. They all

---

[1] One of the objections was that OTR had not filed a notice of its tax liens. The debtor belatedly submitted proof showing that this objection had evidentiary merit. Sanctions are not being imposed with respect to that objection.

were thus still collectible when the debtor filed the petition on that date.

    3. Similarly, the objection asserts as to OTR's general unsecured claim that: "It also appears that OTR is attempting to claim amounts owed for time periods that OTR is not entitled to collect." OTR's general unsecured claim is for penalties relating to income taxes for the year 2016. Obviously the ten-year limitations period on collection does not bar the assertion of those claims.

These objections violated Fed. R. Bankr. P. 9011(b). They either were based on defenses to OTR's claims that were not "warranted by existing law or by a nonfrivolous argument for the extension, mofification, or reversal of existing law or the establishment of new law" as required by Rule 9011(b)(2) or lacked evidentiary support, as required by Rule 9011(b)(3):

    (1) The statute of limitations on collecting taxes in the District of Columbia is plain, and Butler ought to have reviewed the D.C. Code before alleging that the tax claims were untimely. The objection that the claims were barred by the statute of limitations violated Rule 9011(b)(2).

    (2) The assertion that it was not clear as to what tax years that OTR claims are secured was firvolous: the proof of claim plainly disclosed what tax years had claims that OTR asserted were secured. The objection thus violated Rule

9011(b)(3).

A penalty of $250 is the minimum penalty deemed sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

It is thus

ORDERED that within 14 days after entry of this order, Craig A. Butler shall pay $250 to the Clerk of the Court as a penalty under Fed. R. Bankr. P. 9011(c).

[Signed and dated above.]

Copies to: Debtor's attorney; Chapter 13 Trustee.

DC GOVT OFFICE OF TAX & REVENUE
PO BOX 37559
Washington, DC 20013

Office of the Attorney General
of the District of Columbia, Bankruptcy Counsel
441 4th Street, NW
Washington, DC 20001